**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RYAN S. J. PRICE,

      Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No.   17-35621

D.C. No. 9:16-cv-00123-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted August 30, 2018
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

Ryan Price ("Price") appeals the district court's order affirming the denial of

his application for disability insurance benefits and supplemental security income

under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, §§ 1381-

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1383(c).  We have jurisdiction under 28 U.S.C. § 1291.  We review the district court's order de novo.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  We affirm.

In May 2013, Price, who suffers from schizoaffective disorder, applied for disability insurance benefits and supplemental security income.  Price's applications were denied, and he requested reconsideration and a hearing. On June 5, 2015, the ALJ issued a decision finding Price was not disabled.  Price's request for review from the Appeals Council was denied, and the district court affirmed the ALJ's decision.

Price argues that the ALJ erred in concluding that he did not meet a listed disability.  At step three of the Social Security sequential disability assessment, an ALJ is required to determine whether a claimant's impairments meet or are medically equivalent to any of a number of listed impairments that are so severe they compel a per se finding of disability.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  Substantial evidence, including medical testimony "consistent with other independent evidence in the record," supported the ALJ's determination that Price did not meet a listing or combination of listings.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  Furthermore, the ALJ was not required to credit Price's testimony regarding the severity of his disabilities because the record

contained evidence from treating sources questioning the severity of Price's symptoms, and indicating that his symptoms improved with treatment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Thus, the ALJ's determination that Price's impairment did not match a listed disability was supported by substantial evidence.

Price also challenges the ALJ's finding that he was capable of performing other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The ALJ's finding relied on testimony from a vocational expert ("VE"). Because the ALJ's hypothetical accurately reflected Price's functional limitations, the ALJ properly relied on the VE's testimony in concluding that Price was capable of performing other work existing in significant numbers in the national economy, and therefore was not disabled. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

**AFFIRMED.**